UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES SARGENT,

    Plaintiff,

v.                                                                           Case No. 07-C-618

UNITED STATES DEPARTMENT OF EDUCATION and
NORTHWESTERN UNIVERSITY MEDICAL SCHOOL,

    Defendants.

## ORDER

Dr. Charles Sargent filed this action to enforce provisions of the Family Educational Rights and Privacy Act of 1974 ("FERPA,"), 20 U.S.C. § 1232g, which prohibits the federal funding of educational institutions that have a policy or practice of releasing education records to unauthorized persons,[1] and The Privacy Act ("Act"), 5 U.S.C. § 552a(d)(1), which provides that when an individual requests access to his own records, a government agency is required to allow the

---

[1] In relevant part, FERPA provides,
> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein . . .) of students without the written consent of their parents to any individual, agency, or organization.

20 U.S.C. § 1232g(b)(1). FERPA was enacted in part to provide a right of access to student records for parents and students. *U.S. v. Miami University*, 91 F. Supp. 2d 1132 (S.D. Ohio 2000). It provides that when a student is attending post secondary education, the rights of the parents are "required of and accorded to the student." 20 U.S.C. § 1232(d).

individual to review his records and have a copy made.[2] Dr. Sargent seeks records allegedly held by Northwestern University's Feinberg School of Medicine ("Medical School")[3] pertaining to his education there. He also seeks records of all communication between the United States Department of Education's ("Department") Family Policy Compliance Office ("FPCO") and the Medical School regarding his education records. The Department and the Medical School have filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that Dr. Sargent's FERPA claim should be dismissed for lack of subject matter jurisdiction, claiming that Dr. Sargent lacks standing because FERPA creates no right to private action. Alternatively, defendants ask the court to grant their motions for summary judgment pursuant to Rule 56(c). The Medical School states that it has fully complied with Dr. Sargent's request and provided him all records it has relating to his attendance at the school almost a half century ago. According to the Department, Dr. Sargent's Privacy Act claim fails because the Department has no written records of its communications with the Medical School regarding Dr. Sargent since its only contact was by telephone. (Def. PFOF ¶ 14.) Because Dr. Sargent's FERPA claim is legally frivolous, the defendants' motions to dismiss will be granted. And since there is no evidence to support his

---

[2] The Privacy Act provides, in relevant part,
> Each agency that maintains a system of records shall [] upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him.

5 U.S.C. § 552a(d)(1).

[3] The court understands any references to "Northwestern University Medical School" within the pleadings to refer to the entity known as the Feinberg School of Medicine, a part of Northwestern University.

2

Privacy Act claim against the Department, summary judgment will be granted and that claim will be dismissed as well.

**FACTS**

This lawsuit stems from Dr. Sargent's allegedly unsuccessful attempts to require the Medical School to provide him copies of any and all of his education records it maintains. Unsatisfied with the results of his direct requests to the Medical School, Dr. Sargent submitted a complaint to the FPCO, alleging that the Medical School had violated FERPA, and hoping for assistance in obtaining his records. (Compl. 3; Def. PFOF ¶ 1.) Following his complaint to the FPCO, Dr. Sargent still believed he was entitled to additional records from the Medical School and was dissatisfied with the FPCO's efforts. He requested that the FPCO provide him all records of the communications between itself and the Medical School regarding his complaint. (Compl. 3; Def. PFOF ¶ 11.) Dr. Sargent claims that the defendants conspired to prevent his access to educational records. (Compl. 3.) When the FPCO failed to provide him with records of its communication with the Medical School regarding his complaint, Dr. Sargent filed the instant action, asking that the court compel the Department and the Medical School to produce the records he has requested from each. (Compl. 4.)

The Department contends that it informed Dr. Sargent prior to this action that any communications between the FPCO and the Medical School regarding Dr. Sargent's complaint took place via telephone, and no records of the communications exist. (Def. PFOF ¶¶ 13, 14.) Defendants claim that the Medical School sent Dr. Sargent copies of the only records it maintained regarding his education there, his application and transcript, (Def. PFOF ¶ 7.) and that upon

3

invitation, Dr. Sargent provided the FPCO no information to support his claim that the records provided to him by the Medical School were incomplete. (Def. PFOF ¶ 8-9.)

**DISCUSSION**

On a motion to dismiss under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim, the court should decide the 12(b)(1) issues first and proceed to the 12(b)(6) issues only if it finds jurisdiction. *Mason v. Bradley*, 789 F. Supp. 273, 275 (N.D. Ill. 1992) (citing *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987)). I will therefore turn to the issue of whether Dr. Sargent has standing, because the court treats a challenge to standing as an attack on subject matter jurisdiction. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996).

When presented with a facial attack on jurisdiction, the court accepts the well-pleaded allegations in the complaint as true. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2002); *see also Reid L. v. Illinois State Board of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004).

"The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979). The limited power of the federal judiciary under Article III of the United States Constitution is restricted to the adjudication of "cases and controversies" in which plaintiffs have standing to bring their actions. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471-72 (1982). Where a plaintiff's claim is "based upon statutorily created rights, 'the standing question . . . is whether the . . . statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's

4

position a right to judicial relief.'" *Mason*, 789 F. Supp. at 275 (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). Whether Dr. Sargent has standing in the instant case turns, therefore, on whether FERPA and the Privacy Act grant him the right to judicial relief through a private cause of action.

**I. FERPA Claim**

The Supreme Court has unequivocally held that FERPA does not provide a private cause of action. It therefore follows that Dr. Sargent lacks the requisite standing to bring his claim for violation of the statute. A private right of action can only be created if the federal statute in question creates enforceable rights. *Pennhurst State Sch. and Hosp. v. Halderman*, 451 U.S. 1, 24-25 (1981). In *Gonzaga University v. Doe*, the Supreme Court held that FERPA does not confer enforceable rights to individuals, because its provisions "contain no rights-creating language . . . have an aggregate, not individual, focus, and . . . serve primarily to direct the Secretary of Education's distribution of public funds to educational institutions." 536 U.S. 273, 290 (2002) ("[W]e have never before held, and decline to do so here, that spending legislation drafted in terms resembling those of FERPA can confer enforceable rights." *Id*. at 279.) The Court explained in *Gonzaga* that Congress has expressly authorized the Secretary of Education to "deal with violations" of FERPA, § 1232g(f), and that pursuant to that authority, the Secretary created the FCPO, which provides administrative procedures for individuals to complain of suspected violations. 536 U.S. at 289-90. Here, Dr. Sargent pursued the remedy available to him by filing a complaint against the Medical School with the FCPO. The statute does not confer upon him any right to a private cause of legal action, thus he lacks standing to proceed with his FERPA claim against either the Medical School or the Department. Lacking subject matter jurisdiction, the court will therefore grant the defendants' motions to dismiss Dr. Sargent's FERPA claim pursuant to Rule 12(b)(1).

5

**II. The Privacy Act Claim**

In contrast to FERPA, the Privacy Act of 1974 authorizes private civil actions against agencies. *See Brown-Bey v. United States*, 720 F.2d 467, 469 (7th Cir. 1983). The Act allows individuals access to agency records that pertain to them, defining "record" broadly as "any item, collection, or grouping of information about an individual that is maintained by an agency . . . ." 5 U.S.C. § 552a(a). The court construes the language of the complaint to assert a violation of the Privacy Act only against the Department, as Dr. Sargent does not indicate that he requested or was refused any records from the Medical School pertaining to its communications with the FCPO.[4] The Department has made no showing that Dr. Sargent lacks standing under Rule 12(b)(1) to bring his Privacy Act claim.

Therefore, I must next address whether Dr. Sargent's Privacy Act claim survives the Department's motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable claim. The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999); *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) ( "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'"). The court

---

[4] This interpretation is further supported by the fact that no claim could be brought under the Privacy Act against the Medical School, because the school is not an agency within the meaning of the Act. The private right of civil action created by the Act is specifically limited to actions against agencies of the United States Government, not private entities. *Irwin Memorial Blood Bank of the San Francisco Medical Society v. American National Red Cross*, 640 F.2d 1051, 1057-58 (9th Cir. 1981); *United States v. Miller*, 643 F.2d 713, 715 n. 1 (10th Cir. 1981). Even if an entity receives federal funding, this does not convert the entity into an agency subject to the provisions of the Act. *See Unt v. Aerospace Corp.*, 765 F.2d 1440 (9th Cir. 1985).

6

is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In ruling on a motion to dismiss under Rule 12(b)(6), a court views all of the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp.* at 127 S. Ct. at 1959.

With these principles in mind, I am satisfied that Dr. Sargent's complaint states a Privacy Act claim against the FCPO. Dr. Sargent alleges that after he submitted a request to the FCPO for records of the communication between the FCPO and the Medical School regarding his earlier administrative complaint against the school, the FCPO failed to provide him access to this information. This is sufficient to state a claim. Therefore, defendants' motion to dismiss his Privacy Act claim pursuant to Rule 12(b)(6) will be denied. However, that is not the end of the analysis.

The Department has moved, in the alternative, for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden rests on the moving party to show the absence of any such issue. *Id*. If the plaintiff presents such evidence, the burden then shifts to the party opposing the motion to show that he has a "plausible ground" for maintaining the action. *First National Bank Co. of*

7

*Clinton, Ill. v. Insurance Co. of North America*, 606 F.2d 760, 767 (7th Cir. 1979). The party opposing the motion must show that there is a genuine issue of material fact by making a specific factual showing of such issue. *Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 488 (7th Cir. 1988).

Parties moving for summary judgment or responding to such a motion must comply with the local rules of the district in which the motion is brought. *Koszola v. Bd. of Ed. of City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004). In accordance with Civil Local Rule 56.2(a) (E.D. Wis.), the Department submitted proposed findings of fact to the Court, supported by a declaration by the Director of the FCPO. Pursuant to Civil Local Rule 56.1, the Department's summary judgment papers also notified Dr. Sargent that any assertion of fact set forth in the declaration supporting the Department's motion would be accepted as true unless Dr. Sargent submitted his own affidavit or other documentary evidence contradicting such factual assertions.[5] The Department's motion also recited, as required, the text of several relevant rules, including the text of Local Rule 56.2(b), which set forth the requirements for Dr. Sargent's response. Nonetheless,

---

[5] Local Rule 56.1 requires that when moving for summary judgment, counsel for a party opposing a pro se civil litigant must inform the party unrepresented by counsel that any factual assertion in an affidavit or other admissible documentary evidence submitted in support of the motion will be accepted by the court as true unless the pro se litigant submits affidavits or other admissible documentary evidence contradicting the factual assertion. The rule also requires that the motion include the text of Fed. R. Civ. P. 56(e) and (f), as well as Civil Local Rules 56.1, 56.2 and 7.1. Local Rule 56.2 requires that a response to a motion for summary judgement include

> "[a] specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists."

District courts are entitled to demand strict compliance with the rule. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

8

Case 1:07-cv-00618-WCG    Filed 10/25/07    Page 8 of 10    Document 25

Dr. Sargent's response did not comply with Civ. L.R. 56.2(b). Although his response states that the Department's brief "contains some flaws and inaccuracies," this fails to provide the "specific response" required by Civ. L.R. 56.2(b), and does not even indicate to the court which of the Department's factual assertions Dr. Sargent believes to be in dispute. He provides no evidentiary support for his contentions. Although pro se litigants "benefit from various procedural protections not otherwise afforded to the attorney-represented litigant," this leniency "does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). Thus, in accordance with Civil L.R. 56.2(e), "the Court must conclude that there is no genuine material issue as to any proposed finding of fact" set out by the defendants.[6]

The court deems admitted the Department's assertion that no records exist of any communication between the FPCO and the Medical School regarding Dr. Sargent's claim. (Def. PFOF ¶ 14.) Matters deemed admitted can form the basis for granting summary judgment. *First National Bank*, 606 F.2d at 766. The Department has no duty to disclose records that do not exist. Therefore, Dr. Sargent's Privacy Act claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the court will grant defendants' motions to dismiss Dr. Sargent's FERPA claim for lack of subject matter jurisdiction, as well as the Department's motion for summary judgment as to Dr. Sargent's Privacy Act claim. The court notes that the Medical School

---

[6] Local Rule 56.2(e) provides that "[i]n deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out."

has also filed a motion for sanctions under Federal Rule of Civil Procedure 11 against Dr. Sargent, seeking reasonable attorneys' fees and costs for its defense. Dr. Sargent is advised that he has until November 12, 2007 to file a response to the Medical School's motion for sanctions.

**IT IS THEREFORE ORDERED** that the defendants' motions to dismiss for lack of subject matter jurisdiction is granted as to Dr. Sargent's FERPA claim.

**IT IS FURTHER ORDERED** that the Department's motion for summary judgment is granted as to Dr. Sargent's Privacy Act claim.

All claims in this case are dismissed with prejudice.

Dated this   25th   day of October, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
