UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES SARGENT,

        Plaintiff,

v.                                            Case No. 07-C-618

UNITED STATES DEPARTMENT OF EDUCATION and
NORTHWESTERN UNIVERSITY MEDICAL SCHOOL,

        Defendants.

**ORDER**

This order follows upon the court's decision of October 25, 2007, granting Northwestern University's Feinberg School of Medicine's (the "Medical School") motion to dismiss Dr. Charles Sargent's claim against it in the above matter, for lack of subject matter jurisdiction. The court concluded that Dr. Sargent lacked standing to enforce provisions of the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, through a private cause of action. The Medical School has now filed a motion for sanctions against Dr. Sargent pursuant to Federal Rule of Civil Procedure 11. For the following reasons, the Medical School's motion for sanctions will be granted.

"Rule 11 authorizes a district court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper purpose or without a reasonable investigation of the facts and law necessary to support their claims." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237

F.3d 819, 823 (7th Cir. 2001).[1] Although the court construes pro se filings liberally, *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001), a party's pro se status does not excuse violations of Rule 11, and the court may impose sanctions upon the pro se litigant. *Perry v. Barnard*, 911 F.2d 736 (7th Cir. 1990). Although the court has determined it lacks subject matter jurisdiction over Dr. Sargent's FERPA claim, the court may nonetheless impose sanctions pursuant to Rule 11, as an issue of orderly procedure that is collateral to the merits of the case. *Willy v. Coastal Corporation*, 503 U.S. 131, 138 (1992).

Prior to filing its motion with the court, the Medical School complied with the requirements of Rule 11 by providing Dr. Sargent a copy of the motion for sanctions in advance and allowing him a twenty-one day "safe harbor" of time in which to withdraw his allegedly offending complaint, before filing its motion for sanctions with the court. *See* Fed. R. Civ. P. 11(c)(1)(A). In fact, even before providing Dr. Sargent the required copy of its motion for sanctions, the Medical School, through its counsel, met with Dr. Sargent and explained that the United States Supreme Court has

---

[1] Rule 11 provides in relevant part:
By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

held, in *Gonzaga University v. Doe*, 536 U.S. 273, 290 (2002), that an individual cannot bring a private lawsuit to enforce FERPA, as well as provided him a copy of that decision. (Rinehart Decl. ¶ 10.) Dr. Sargent does not deny that he was informed that the only remedy available to him under FERPA was to request an investigation from the Family Policy Compliance Office of the Department of Education, and claims only that he had already attempted that approach before filing his complaint. (Rinehart Decl. Ex. 5 at 2.) Dr. Sargent acknowledges that the Medical School advised him repeatedly that he should withdraw his complaint. (Br. Opp. 2.)

The Medical School asks the court to award sanctions in this case for two reasons: (1) the complaint was not filed for a proper purpose, but only to harass the Medical School, and (2) the complaint lacks any reasonable basis in existing law, and is not warranted by any nonfrivolous argument for the modification or reversal of the existing law. (Br. Supp. 7-8.) Dr. Sargent argues in opposition that his complaint is not frivolous because "he is quite certain of what he seeks," and that his complaint was filed merely to get more information. (Br. Opp. 2.) The Medical School contends that following Dr. Sargent's unsuccessful defamation suit against the school in 1980, he remains resentful and filed his lawsuit as a means of harassment. (Br. Supp. 7.) Dr. Sargent's own statements suggest there may be some merit to this allegation, as he claims his complaint is justified by the "complications, difficulties, problems and troubles" the school has caused him "since 1971 because of their imprudent and indiscreet utterances." (Rinehart Decl. Ex. 5 at 5.) However, sanctions are appropriate even if, as Dr. Sargent claims, his complaint was a good faith attempt to gain access to his educational records, because his FERPA claim was not based on a reasonable inquiry into the applicable law.

The Supreme Court has clearly articulated that individuals may not bring private lawsuits

3

to address violations of FERPA. *Gonzaga University*, 536 U.S. 273. A reasonable inquiry into the law, as Dr. Sargent was required to make prior to signing and filing a complaint in federal court, would have revealed that he had no standing to bring his claim. Even if Dr. Sargent, lacking legal education, originally misunderstood how the law applied to his case, he was made aware that his claim had no legal basis in a meeting with counsel for the Medical School, a letter summarizing that meeting, and an advanced copy of the instant motion for sanctions. Dr. Sargent set forth no nonfrivolous argument for the modification or reversal of the existing law against private actions to enforce FERPA. He did not avail himself of the opportunity to withdraw his complaint. Under these circumstances, the court is satisfied that sanctions are warranted.

The courts have consistently recognized that monetary sanctions are appropriate under Rule 11. *See Cheek v. Doe*, 828 F.2d 395, 397 (7th Cir. 1987). Rule 11(c)(2) expressly authorizes that sanctions may take the form of "an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." The Medical School requests reasonable attorneys fees and costs for its defense in this case. (Br. Supp. 9.) I am mindful that Rule 11 sanctions are limited to an amount "sufficient to deter repetition of such conduct or comparable conduct." Fed. R. Civ. P. 11(c)(2). Although I have no statement reflecting Dr. Sargent's net worth, I note that he did not file a motion to proceed *in forma pauperis*, but paid the filing fees and costs of pursuing this frivolous action. He did not, in his response to the Medical School's motion, claim that he lacked the ability to pay monetary sanctions, if awarded, or that the proposed sanctions would impose an undue hardship on him. I conclude, based on the nature of this case and the situation of the parties, that an award of reasonable attorneys fees and costs is an appropriate deterrent to similar conduct in the future. This award is reasonably

4

proportional to Dr. Sargent's filing of a frivolous claim without regard to clearly established law, the sanctionable conduct which gave rise to these expenses.

For the foregoing reasons, the Medical School's motion for sanctions is granted. Northwestern University is directed to file a fee request with the court within ten days of the date of this order. Dr. Sargent may file a response within ten days of the service of the fee request.

**SO ORDERED**.

Dated this 31st day of October, 2007.

                                              s/ William C. Griesbach
                                              WILLIAM C. GRIESBACH
                                              United States District Judge