UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES SARGENT,

    Plaintiff,

v.                                                                                    Case No. 07-C-618

UNITED STATES DEPARTMENT OF EDUCATION and
NORTHWESTERN UNIVERSITY MEDICAL SCHOOL,

    Defendants.

**ORDER**

In my order of October 31, 2007, I granted Northwestern University Medical School's motion for attorneys fees and costs pursuant to Fed. R. Civ. P. 11, and directed the Medical School to file a statement setting forth the specific amounts requested. The Medical School has now filed its fee request, and Dr. Sargent has responded.[1]

The Medical School requests $14,487.85 in costs and fees. Its request is supported by copies of billing and expense records. An award of reasonable attorney fees is a justifiable measure for Rule 11 sanctions. *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020 (7th Cir. 1999). "The primary objective of Rule 11 is to deter frivolous lawsuits, but compensating those forced to defend such litigation is also appropriate." *Retired Chicago Police Ass'n v. Firemen's Annuity and Benefit Fund of Chicago*, 145 F.3d 929 (7th Cir. 1998). Of course, "[a] court asked to award sanctions that

---

[1] Dr. Sargent has filed two documents with the court since the motion for sanctions was granted, one entitled "Plaintiff's Response," ("Response") filed November 7, 2007, and an additional statement entitled "Submission of new Exhibit/Evidence," ("Statement") filed November 27, 2007.

compensate the prevailing party for attorneys' fees must ensure that the time was reasonably devoted to the litigation." *Szopa v. U.S.*, 460 F.3d 884, 886 (7th Cir. 2006); *see Budget Rent-A-Car System, Inc. v. Consolidated Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (holding that a court has the authority to deny a request for an award of fees if the request is for an exorbitant amount). The amount of sanctions that may be awarded is limited to "reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2).

To fashion an award that "fits the inappropriate conduct," the court may consider equitable factors, such as the sanctioned party's assets and whether the party seeking fees prolonged the litigation or made excessive expenditures. *Brown v. Federation of State Medical Boards of U.S.*, 830 F.2d 1429, 1439 (7th Cir. 1987) (overruled on other grounds, *Mars Steel Corp. v. Continental Bank, N.A.*, 880 F.2d 928 (7th Cir. 1988)).

In the present case, the Medical School claims it incurred $13,988.00 in fees for 52.7 hours of legal services, as well as $499.85 in additional costs. This includes the expenses it incurred in litigating its request for sanctions, which are recoverable under Rule 11 as a direct result of Dr. Sargent's violation. *Brandt v. Schal Associates, Inc.*, 960 F.2d 640 (7th Cir. 1992). The request is not excessive, nor did the Medical School prolong the litigation. To the contrary, it made efforts to expedite the resolution of this case. For example, it declined the opportunity to submit a reply brief in support of its motion to dismiss. (Docket 16.)

While the court may consider the ability of the sanctioned party to pay an award of the other party's attorneys' fees, "[t]he burden is on the sanctioned party to show that he [i]s unable to pay a reasonable award." *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994). "A bald assertion that he is unable to pay will not suffice," *Wasko v. Moore*, 122 Fed. Appx. 403, 407 (10th

Cir. 2005), where a sanctioned party has failed to provide "a statement of his current income, assets and liabilities." *Espinoza v. Northwestern University*, 2004 WL 416471, *4 (N.D. Ill.); *see McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (holding that a response which alleges indigence without documentary support is insufficient to establish one's inability to pay). Here, Dr. Sargent claims that the Medical School has caused his poverty, forcing him to proceed pro se. (Response 1.) He claims that he did not seek leave to proceed *in forma pauperis* because he wished to avoid the "embarrassment of being a beggar." (*Id.*) However, he does not present any evidence to support a finding of indigence, or provide any further information about his financial means. Therefore, he has failed to show his inability to pay. His status as a pro se litigant does not excuse his violation of Rule 11, "and the court may impose sanctions upon the pro se litigant." *Perry v. Barnard*, 911 F.2d 736 (7th Cir. 1990).

The court is further satisfied that the requested fees and costs represent a sanction that is limited to the amount "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," as required by Fed. R. Civ. P. 11(c)(2). In his response, Dr. Sargent continues to assert that his claims are not frivolous, though he indicates that "[t]his plaintiff can not afford anymore [sic] 'justice' as it is presently being dispensed by the federal court system. He quits!" (Response 1-2.) This suggests Dr. Sargent's willingness to cease his sanctioned conduct is dependent only upon its cost. Even more troubling is the fact that Dr. Sargent has recently expressed new and unrelated complaints about the Medical School in an additional filing with the court, regarding the school's efforts to solicit financial gifts through mass mailings to alumni. (Statement, Docket 35.)

Accordingly, I find that the least amount sufficient to deter Dr. Sargent from repeating the course of conduct for which he has been sanctioned, and those similarly situated from comparable conduct, is the full amount of the fees and costs requested by the Medical School. Dr. Sargent is ordered to pay to Northwestern University Medical School the amount of $14,487.85.

**SO ORDERED** this   30th   day of November, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

4